**SO ORDERED.**

**SIGNED this 10th day of February, 2014.**



Dale L. Somers
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**PAUL J. ROBBEN,**<br><br>     **DEBTOR.** | CASE NO. 13-20814<br>CHAPTER 7 |
| **GARY LEE ROBBEN,**<br><br>     **PLAINTIFF,**<br><br>v.<br><br>**PAUL J. ROBBEN,**<br><br>     **DEFENDANT.** | ADV. NO. 13-06086 |

**MEMORANDUM OPINION AND ORDER
DENYING DEBTOR'S MOTION TO DISMISS**

  Paul J. Robben, Debtor and Defendant, moves to dismiss this adversary proceeding under Bankruptcy Rule 12(b)(1) for lack of standing. Defendant appears by Ashley E.

Felton of Lentz Clark Dienes PA. The Plaintiff, Gary Lee Robbins, the Debtor's brother, has not responded to the motion. The Court has jurisdiction.[1] For the reasons stated below, the Court denies the motion.

In this adversary proceeding, Plaintiff seeks a determination that his claim against Debtor is nondischargeable under 11 U.S.C. § 523(a)(4) and (6). The complaint alleges the following facts, which have been supplemented by the record in a Chapter 7 case filed by Plaintiff in 2004.[2] In 1991, Norbert B. Robben and Bertha Robben, the parents of Plaintiff and Defendant, and Mary Ann Ruff established a revocable trust, known as the Robben Family Trust. On January 24, 2004, after the death of Norbert, Bertha exercised her right to amend and restate the Robben Family Trust in its entirety, referred to as the Revised Robben Family Trust. Debtor became a co-trustee of the Revised Robben Family Trust. It directed that upon Bertha's death the assets of the Revised Robben Family Trust be equally divided in one-third interests for the benefit of Debtor, Plaintiff, and Mary Ann Ruff.

On March 10, 2004, Plaintiff filed a voluntary petition under Chapter 7 in the Bankruptcy Court for the District of Kansas, case no. 04-40485 (Plaintiff's Chapter 7

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[2] *In re Gary Lee Robben*, United States Bankruptcy Court for the District of Kansas, Case no. 04-40485.

2

case). In his schedules and Statement of Financial Affairs, Plaintiff did not disclose that he was a named beneficiary of the Restated Robben Family Trust. After administering other assets, the Chapter 7 Trustee filed a final accounting in December 2007, and the case was closed shortly thereafter.

Bertha Robben died on January 18, 2012. The Revised Robben Family Trust had not been amended since its execution. Debtor and Mary Ann Ruff at various times distributed the assets of the trust in equal one-half shares to themselves, rather than in the equal one-third shares to Plaintiff, Defendant, and Mary Ann, as provided in the Revised Robben Family Trust.

Plaintiff filed a civil suit in Johnson County, Kansas District Court in 2012 to enforce the terms of the trust, for an accounting, and for recovery of money from Debtor and Mary Ann Ruff. On September 10, 2012, the Johnson County District Court entered an order dismissing the litigation on grounds that the Trustee appointed in Plaintiff's Chapter 7 case "continues to retain jurisdiction to consider and possibly assert a claim to [Plaintiff's] interest in the Restated Trust."[3] On October 23, 2012, Plaintiff filed a motion to reopen his Chapter 7 case to seek an order requiring the Chapter 7 Trustee to officially abandon whatever interest the bankruptcy estate might have had in the Restated Trust.

---

[3] Case no. 04-40485, dkt. 56 at 1-2.

Debtor filed a voluntary petition under Chapter 7 on April 3, 2013. Plaintiff filed this adversary proceeding objecting to discharge of his alleged claim against the Debtor on August 30, 2013. Debtor filed the motion to dismiss on November 25, 2013.

The motion to dismiss is based upon the sole contention that Plaintiff's interest in the Revised Robben Family Trust became property of the estate when he filed for relief under Chapter 7 in 2004, the interest was not abandoned, and therefore the Trustee appointed in Plaintiff's Chapter 7 case is the only party with standing to prosecute an action concerning Plaintiff's interest in the trust assets. This argument fails. As stated above, Plaintiff moved to reopen his 2004 bankruptcy case to seek an order requiring the Chapter 7 Trustee to officially abandon whatever interest the bankruptcy estate might have had in the Restated Robben Family Trust. The case was reopened, and the matter has been decided.[4] The Bankruptcy Court found that because the Restated Robben Family Trust contains a spendthrift provision which is valid under Kansas law, Plaintiff's interest in the Restated Robben Family Trust was not property of the estate. The motion to abandon was therefore denied "as moot because the Trustee had (and has) no interest in the Restated Robben Family Trust to abandon."[5] Since the alleged interest of the Trustee in Plaintiff's Chapter 7 case is the sole basis on which Debtor seeks dismissal, the motion to dismiss must be denied.

---

[4] Case no. 04-40485, dkt. 125.

[5] *Id*. at 2.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

The motion to dismiss is hereby denied.

**IT IS SO ORDERED.**

###